# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH AND**
**FAMILIES DEPARTMENT and**
**BERNARDO S. PORRAS,**

     Petitioners-Appellees,

v.                                                                                   **NO.   29,219**

**CHERYL A. RYAN,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

New Mexico Human Services Department
Child Support Enforcement Division
Marianne Lopez, Special Assistant Attorney General
Las Cruces, NM

for Appellee State of New Mexico

Bernardo Porras
Las Cruces, NM

Pro Se Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

Respondent Cheryl Ryan (Mother) appeals pro se from an order of the district court entered December 19, 2008 in a child custody and support case adopting the

hearing officer's report and recommendations. [RP 64] We issued a proposed notice of summary disposition on April 14, 2009 proposing to dismiss for lack of jurisdiction. Mother filed a memorandum in opposition on May 14, 2009.

On appeal, Mother argues the district court erred by failing to dismiss petitioner's suit against her; granting an oral motion for continuance; failing to require the State to file an amended petition; failing to order interim child support; and failing to require the hearing officer to follow applicable statutes and guidelines. [MIO 1-3] In her memorandum in opposition, Mother raises no legal or factual arguments that were not presented in her docketing statement.

At the district court level, the child custody and support proceeding that is the basis for this appeal was continued to determine whether jurisdiction over the case properly lies in Arizona or New Mexico. [RP 64] Jurisdiction over a proceeding is a threshold matter that must be resolved in order for the district court to rule on the underlying issues. *Lucero v. Pino*, 1997-NMCA-089, ¶ 24, 124 N.M. 28, 946 P.2d 232. Because neither the issue of jurisdiction nor the underlying matters have been resolved at the district court level, this Court lacks jurisdiction to review Mother's arguments on appeal. We have jurisdiction only over final orders. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. An order is not final "unless all issues of law and fact have been determined and the case disposed of by

the trial court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

For the foregoing reasons, and the reasons discussed in the proposed notice of summary disposition, we dismiss the appeal for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**